**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>$2,240,000.00 ASSOCIATED WITH PETROLEUM TANKER NAUTIC, WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER, 9150377, HELD BY LIBERIAN COMPANY 1<br><br>    - AND -<br><br>$9,998,941.91 ASSOCIATED WITH PETROLEUM TANKER NAUTIC, WITH INTERNATIONAL MARITIME ORGANIZATION 9150377, HELD AT U.S. BANK 1<br><br>        Defendants. | Civil Action No. 20-1139 (JEB) |
| *UNDERLYING CASES:*<br><br>JAMES OWENS, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>REPUBLIC OF SUDAN, et al.,<br><br>        Defendants. | Civil Action No. 01-2244 (JDB) |
| JUDITH ABASI MWILA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>        Defendants. | Civil Action No 08-1377 (JDB) |

RIZWAN KHALIQ, et al.,

    Plaintiffs,

v.

REPUBLIC OF SUDAN, et al.,

    Defendants.

Civil Action No. 10-356 (JDB)

## VICTIM PLAINTIFFS' ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, Plaintiffs in the underlying civil actions numbered 01-2244, 08-1377, and 10-356 (collectively, the "Victim Plaintiffs"), hereby answer the United States' Verified Complaint For Forfeiture *In Rem*, dated May 1, 2020 (ECF No. 1) as follows:

### NATURE OF ACTION AND THE DEFENDANT *IN REM*

1.    Victim Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1; accordingly, such allegations are denied.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Victim Plaintiffs deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

### JURISDICTION AND VENUE

3.    Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, Victim Plaintiffs admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, Victim Plaintiffs admit that acts and omissions giving rise to the forfeiture took place in the District of Columbia.

## **FACTS GIVING RISE TO FORFEITURE**

**I.    BACKGROUND**

**A.    IEEPA and the Iranian Transactions and Sanctions Regulations**

5. Paragraph 5 characterizes and purports to quote from a statute that speaks for itself, and no response is required. To the extent a response is required, Victim Plaintiffs deny the allegations in Paragraph 5 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

6. Paragraph 6 characterizes and purports to quote from an Executive Order that speaks for itself, and no response is required.

7. Paragraph 7 characterizes Executive Orders that speak for themselves, and no response is required.

8. Paragraph 8 characterizes a regulation that speaks for itself, and no response is required. It also contains legal conclusions to which no response is required.

9. Paragraph 9 characterizes a regulation that speaks for itself, and no response is required. It also contains legal conclusions to which no response is required.

10. Paragraph 10 characterizes a regulation that speaks for itself, and no response is required. It also contains legal conclusions to which no response is required.

11. Paragraph 11 characterizes a regulation that speaks for itself, and no response is required. It also contains legal conclusions to which no response is required.

12. Paragraph 12 characterizes an administrative action that speaks for itself, and no response is required. To the extent a response is required, Victim Plaintiffs admit the allegations in Paragraph 12, but deny the allegations in Paragraph 12 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

13. Victim Plaintiffs admit the allegations set forth in Paragraph 13, but deny the allegations in Paragraph 13 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

14. Victim Plaintiffs admit the allegations set forth in Paragraph 14, but deny the allegations in Paragraph 14 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

15. Paragraph 15 characterizes an administrative action that speaks for itself, and no response is required. To the extent a response is required, Victim Plaintiffs admit the allegations in Paragraph 15, but deny the allegations in Paragraph 15 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

16. To the extent the allegations in Paragraph 16 involve an administrative action by the President, that action speaks for itself, and no response is required. To the extent that a response is required, upon information and belief, Victim Plaintiffs admit the allegations set forth Paragraph 16, but Victim Plaintiffs deny the allegations set forth in Paragraph 16 confer on the

United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

17. Paragraph 17 characterizes an administrative action that speaks for itself, and no response is required. To the extent a response is required, Victim Plaintiffs admit the allegations in Paragraph 17, but deny the allegations in Paragraph 17 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

### B. Overview of the Sale of Petroleum Tanker Nautic to Taif

18. The Victim Plaintiffs lack knowledge sufficient to confirm or deny the basis for the civil forfeiture action. The Victim Plaintiffs admit the remaining allegations in Paragraph 18, except deny them to the extent they suggest the Iranian parties are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

19. Upon information and belief, Victim Plaintiffs admit the allegations in Paragraph 19, but deny that any of the allegations in Paragraph 19 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties. Victim Plaintiffs further deny the allegations in Paragraph 19 to the extent they suggest the parties involved in the scheme are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

20. Upon information and belief, Victim Plaintiffs admit the allegations in Paragraphs 20(a)-(b), but deny that any of the allegations in Paragraphs 20(a)-(b) confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties. Victim Plaintiffs deny the allegations in Paragraphs 20(a)-(b) to the extent they suggest that Lajmiri and Dianat are not the Government of

Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

21. Upon information and belief, Victim Plaintiffs admit the allegations in Paragraphs 21(a)-(b), but deny that any of the allegations in Paragraphs 21(a)-(b) confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties. Victim Plaintiffs deny the allegations in Paragraphs 21(a)-(b) to the extent they suggest that Lajmiri and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

22. Paragraph 22 purports to characterize quotes that speak for themselves, and no response is required. Victim Plaintiffs deny the allegations in Paragraph 22 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

**C.  Taif was a Shell Company for Iranians Linked to NIOC, NITC, and the IRGC-QF**

23. Upon information and belief, Victim Plaintiffs admit that Dianat retained Lajmiri to assist with purchasing, inspection, and oversight of vessels. Victim Plaintiffs deny the allegations in Paragraph 23 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

24. Upon information and belief, Victim Plaintiffs admit that Dianat and Lajmiri agreed to purchase the Nautic from Liberian Company 1 and that Lajmiri retained an agent in Japan to assist in this purchase. Victim Plaintiffs deny the allegations in Paragraph 24 to the extent they

suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

25. Upon information and belief, Victim Plaintiffs admit that Lajmiri initially planned to use Iranian Company 2 as the buyer of the Nautic and that the Japanese agent informed Lajmiri that the bank processing for the sale of Nautic would need detailed documentation as part of U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") diligence checks. Victim Plaintiffs deny the allegations in Paragraph 25 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

26. Upon information and belief, Victim Plaintiffs admit that Lajmiri and Dianat caused the registration of Taif. Victim Plaintiffs otherwise deny the allegations in Paragraph 26 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

27. Upon information and belief, Victim Plaintiffs admit that Taif was nominally registered in the name of two Omani nationals, and that Dianat and another Iranian individual maintained true majority ownership. Victim Plaintiffs otherwise deny the allegations in Paragraph 27 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

28. Plaintiffs lack knowledge sufficient to confirm or deny the government's source of information. Upon information and belief, Victim Plaintiffs admit that Dianat and Taif are associated with the IRGC-QF. Victim Plaintiffs deny the allegations in Paragraph 28 to the extent they suggest that Taif and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

29. Upon information and belief, Victim Plaintiffs admit that Lajmiri inserted Taif as the buyer of the Nautic and that a United Kingdom broker to the transaction required Taif to produce documentation. To the extent the allegations in Paragraph 29 concern statements within a document, that document speaks for itself, and no response is required. To the extent a response is required, upon information and belief, Victim Plaintiffs admit the documentation required Taif to state that the Iranian Company 2 "unconditionally and irrevocably guarantee[s]" Taif's purchase of the Nautic from Liberian Company 2, but the Victim Plaintiffs deny the allegations in Paragraph 29 to the extent they suggest that Taif and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

30. To the extent the allegations in Paragraph 30 concern a Memorandum of Agreement, that document speaks for itself, and no response is required. Victim Plaintiffs deny the allegations in Paragraph 30 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

31. Upon information and belief, Victim Plaintiffs admit that Lajmiri described Taif as having no experience or background in projects such as the purchase of a vessel. Victim Plaintiffs deny the allegations in Paragraph 31 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

32. Upon information and belief, Victim Plaintiffs admit that Lajmiri admitted it was very difficult to get Liberian Company 1 to sell a ship to a company with no background and that he was able to convince Liberian Company 1 to sell to Taif with help from the Japanese Agent. Victim Plaintiffs deny the allegations in Paragraph 32 to the extent they suggest that Taif, Lajmiri,

and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

33. Upon information and belief, Victim Plaintiffs admit that Lajmiri had to circumvent U.S. sanctions in order to purchase the Nautic. Victim Plaintiffs deny the allegations in Paragraph 33 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

34. Upon information and belief, Victim Plaintiffs admit that Taif wired funds through the UK Brokerage Firm as a deposit for the Nautic, which were then transferred to Liberian Company 1 and transited through the United States. Victim Plaintiffs deny the allegations in Paragraph 34 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

35. Upon information and belief, Victim Plaintiffs admit that Taif wired the balance of the purchase price to the UK Brokerage Firm. Victim Plaintiffs deny the allegations in Paragraph 35 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

36. Upon information and belief, Victim Plaintiffs admit that Taif caused the UK Brokerage Firm to wire funds to Liberian Company 1. Victim Plaintiffs deny the allegations in Paragraph 36 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

37. Upon information and belief, Victim Plaintiffs admit that Taif caused the UK Brokerage Firm to wire the remaining funds to Liberian Company 1. Victim Plaintiffs deny the

allegations in Paragraph 37 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

38. Upon information and belief, Victim Plaintiffs admit that the funds were frozen while transiting through a correspondent account at U.S. Bank 1. Victim Plaintiffs deny that any of the allegations in Paragraph 38 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

39. Upon information and belief, Victim Plaintiffs admit that Liberian Company 1 transferred possession of Nautic to Taif and that Taif subsequently renamed the Nautic to Gulf Sky. Victim Plaintiffs deny the allegations in Paragraph 39 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

40. Upon information and belief, Victim Plaintiffs admit that Liberian Company 1 never received possession of the full amount of funds owed. Victim Plaintiffs deny that any of the allegations in Paragraph 40 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

41. Upon information and belief, Victim Plaintiffs admit that Taif failed to seek or obtain an OFAC license for the above transactions. Victim Plaintiffs deny that any of the allegations in Paragraph 41 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

### D.     Nautic Received Iranian Crude Oil from NIOC after Purchase by Taif

42.     Upon information and belief, Victim Plaintiffs admit that after taking possession of the Nautic, Taif ordered the captain of the Nautic to take the vessel to Iran.  Victim Plaintiffs deny the allegations in Paragraph 42 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

43.     Upon information and belief, Victim Plaintiffs admit that Taif notified two Iranian Company 2 employees that Taif had sent the vessels to Iran.  Victim Plaintiffs deny the allegations in Paragraph 43 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

44.     Upon information and belief, Victim Plaintiffs admit that the captain of the Nautic notified Taif that a notice of readiness had been tendered to NIOC at Kharg Island, Iran for loading. Victim Plaintiffs deny the allegations in Paragraph 44 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

45.     Upon information and belief, Victim Plaintiffs admit that Taif notified two Iranian Company 2 employees that the Nautic loaded Iranian crude oil onboard.  Victim Plaintiffs deny the allegations in Paragraph 45 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agents or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

46.     The Victim Plaintiffs lack knowledge sufficient to confirm or deny the time at which the Nautic was seized.  To the extent the allegations reference a UAE civil court order, that order speaks for itself, and no response is required.  Victim Plaintiffs deny that any of the

allegations in Paragraph 46 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

## COUNT ONE – FORFEITURE
### (18 U.S.C. § 981(A)(1)(C))

47.     Victim Plaintiffs incorporate and reallege each and every response to Paragraphs 1 through 46 set forth above as though set forth in full here.

48.     Paragraph 48 contains legal conclusions to which no response is required.  To the extent a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 48 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

49.     Paragraph 49 contains legal conclusions to which no response is required.  To the extent a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 49 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

## COUNT TWO – FORFEITURE
### (18 U.S.C. § 981(A)(1)(C))

50.     Victim Plaintiffs incorporate and reallege each and every response to Paragraphs 1 through 49 set forth above as though set forth in full here.

51.     Paragraph 51 contains legal conclusions to which no response is required.  To the extent a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 51 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent that a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 52 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

### COUNT THREE – FORFEITURE
### (18 U.S.C. § 981(A)(1)(A))

53. Victim Plaintiffs incorporate and reallege each and every response to Paragraphs 1 through 52 set forth above as though set forth in full here.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent that a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 54 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent that a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 55 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

### COUNT FOUR -- FORFEITURE
### (18 U.S.C. § 981(A)(1)(G)(I))

56. Victim Plaintiffs incorporate and reallege each and every response to Paragraphs 1 through 55 set forth above as though set forth in full here.

57. Victim Plaintiffs admit the allegations in Paragraph 57, but deny that the allegation in Paragraph 57 confers on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

58. Upon information and belief, Victim Plaintiffs admit the allegations set forth in Paragraph 58, but deny that any of the allegations in Paragraph 58 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties. Victim Plaintiffs further deny the allegations in Paragraph 58 to the extent they suggest that Taif, Lajmiri, and Dianat are not the Government of Iran, agencies or instrumentalities of the Government of Iran, or alter egos of the Government of Iran.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Victim Plaintiffs deny that any of the allegations in Paragraph 59 confer on the United States any right, title or interest in the Defendant Properties that is superior to the right, title or interest of the Victim Plaintiffs in the Defendant Properties.

## AFFIRMATIVE AND OTHER DEFENSES

The defenses asserted herein are based on the Victim Plaintiffs' knowledge, information, and belief at this time.  The Victim Plaintiffs specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Plaintiff's claims, the Victim Plaintiffs assert the following affirmative and other defenses:

1. Victim Plaintiffs possess a colorable interest in $9,998,941.91 of the Defendant Properties.

2. Victim Plaintiffs possess a colorable interest in $9,998,941.91 of the Defendant Properties that is senior to the government's claim under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the instant civil forfeiture action.

3. Victim Plaintiffs are entitled to attach and execute upon $9,998,941.91 of the Defendant Properties because the Victim Plaintiffs have satisfied TRIA—namely the Victim Plaintiffs obtained their judgments against Iran, a terrorist party, based on an act of terrorism; the funds are blocked assets under the International Emergency Economic Powers Act; and the owner of the funds is the Government of Iran through its front company, Taif, which is, at a minimum, an agency or instrumentality or alter ego of the Iranian state.

4. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  The Victim Plaintiffs possess a valid lien on $9,998,941.91 of the Defendant Properties and thus have a property interest governed

by the Fifth Amendment. Therefore, forfeiting $9,998,941.91 of the Defendant Properties to the government without "due process of law" would violate the Victim Plaintiffs' rights under the Fifth Amendment.

5. The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. The Victim Plaintiffs possess a valid lien on $9,998,941.91 of the Defendant Properties and thus have a property interest. Therefore, forfeiting $9,998,941.91 of the Defendant Properties to the government results in a taking of the Victim Plaintiffs' property without just compensation.

6. Victim Plaintiffs deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated:  July 21, 2020

        Respectfully submitted,

        /s/ *Matthew D. McGill*
        Matthew D. McGill (No. 481430)
        Chantale Fiebig (No. 487671)
        Suria M. Bahadue (admission pending)
        Brian Williamson (*to be admitted pro hac*)
        Gibson, Dunn & Crutcher LLP
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        Telephone: 202.995.8500
        Facsimile: 202.530.9522
        mmcgill@gibsondunn.com

        Thomas Fortune Fay
        Caragh Fay
        Fay Law Group, P.A.
        777 6th Street, N.W., Suite 410
        Washington, D.C. 20001
        202.589.1300

        Jane Carol Norman
        Bond & Norman Law, P.C.
        777 6th Street, N.W., Suite 410
        Washington, D.C. 20001
        202.682.4100

        *Attorneys for Victim Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Matthew D. McGill, an attorney for Defendants, hereby certify that on July 21, 2020, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the District of Columbia on all parties registered for CM/ECF in the above-captioned matter.

/s/ *Matthew D. McGill*
Matthew D. McGill