UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                                 )<br>              Plaintiff,                                  )<br>                                                                 )<br>       v.                                                      )<br>                                                                 )<br>$2,340,000.00 HELD BY LIBERIAN      )<br>COMPANY 1 ASSOCIATED WITH        )<br>PETROLEUM TANKER NAUTIC, WITH )<br>INTERNATIONAL MARITIME               )<br>ORGANIZATION NUMBER 9150377, *et al.*, )<br>                                                                 )<br>              Defendants.                              )<br>                                                                 ) | Civil Action No. 20-1139 (JEB) |

### NOTICE OF RELATED CASES AND STATUS REPORT

By and through its undersigned counsel, and pursuant to Local Civil Rule ("Local Rule") 40.5(b)(3), the United States of America ("United States" or Government") respectfully files this notice and status report.

**I.     RELATED CASES.**

The United States believes that this action, and in particular the United States claim to forfeit the property described as Defendant Funds 2 in its complaint (herein, the "Funds"), is related to actions and proceedings filed after the United States instituted this action. Specifically, the Funds—which are being held at Wells Fargo Bank, N.A. ("Wells Fargo") and which were arrested in this action—are now the subject of three collection proceedings in three separate actions.

*First*, on May 22, 2020, plaintiffs (the "Owens Plaintiffs") in *Owens v. Republic of Sudan*, Civ. A. No. 01-2244 (JDB) (D.D.C.) (the "Owens Action"), filed a motion seeking a writ to attach the Funds, which Judge Bates issued before the United States appeared in that action. The parties

are currently briefing the United States' motion to quash that writ and the Owens Plaintiffs' motion to condemn and recover the Funds.

*Second*, on August 11, 2020, plaintiffs (the "Levin Plaintiffs") in *Levin v. Bank of N.Y.*, Civ. A. No. 09-5900 (S.D.N.Y.) (the "SDNY Levin Action"), filed an ex parte application for a writ of execution as to the Funds, which that Court granted before the United States learned of that action. The United States intends to move to quash that writ but briefing on that motion has yet to commence.

*Third*, on August 19, 2020, the Levin Plaintiffs separately filed a motion for a writ of attachment in *Levin v. Islamic Republic of Iran*, Civ. A. No. 05-2494 (RDM) (D.D.C.) (the "DDC Levin Action"). That motion remains pending, but the parties have agreed that the Court should grant that motion without prejudice to the United States moving to quash the writ after it is served.

## II.     EFFORTS TO REASSIGN THE RELATED CASES TO THIS COURT.

Now that proceedings regarding the Funds are scattered across four different actions—a figure that will grow if other terrorist-victim plaintiffs seek to similarly collect against the Funds—the United States believes it is prudent to gather all cases before a single judge for coordinated proceedings. As such, this same date the United States has filed motions in each of the three actions noted above to transfer and reassign proceedings concerning the Funds to this Court for coordinated proceedings. This forfeiture action is the earliest filed proceeding concerning the Funds, and thus, the Court is logical forum for coordinated proceedings.

Gathering all proceedings concerning the Funds before one judge will promote judicial economy and avoid potentially inconsistent orders as to the Funds. This approach is also well-supported by legal authorities, which uniformly hold that in rem proceedings should proceed before a single judge to promote judicial economy and avoid potentially inconsistent decisions. *See, e.g.,* 18 U.S.C. § 981(c) (property arrested or seized in connection with a civil forfeiture action

"shall be . . . subject only to the orders and decrees of the court or the official having jurisdiction thereof"); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) ("if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other"); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) ("the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts"); *Propper v. Clark*, 337 U.S. 472, 492 (1949) ("when one court has taken possession and control of a res, a second court is disabled from exercising a power over that res"); *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 927 (D.C. Cir. 1984) ("proceedings in rem are usually restricted to one forum"); *Brunner v. 19 Parker Bros. Shotguns*, Civ. A. No. 18-0909, 2018 WL 5839384, at *2 (E.D. Va. Nov. 6, 2018) (collecting cases; transferring in rem action to judge with prior filed action; noting that the doctrine of "prior exclusive jurisdiction . . . prevents a court from exercising in rem jurisdiction over property when a prior court has already asserted in rem jurisdiction over the same property").

### III. LIKELY POSTURE OF THE THREE RELATED ACTIONS IF AND WHEN THEY ARE REASSIGNED TO THIS COURT.

Should the United States succeed in reassigning the three actions noted above to this Court, the likely procedural posture of each is set forth below.

1.  The Owens Action—The Owens Plaintiffs intend to oppose the United States' motion to sever and reassign the proceedings concerning the Funds in that action to this Court. As such, the parties' briefing on the United States' motion to quash and the Owen Plaintiffs' motion to condemn and recover the Funds (which is set to conclude on October 30, 2020) will likely be fully briefed if and when that action is reassigned to this Court.

2.	The DDC Levin Action—The Levin Plaintiffs are consenting to the reassignment of their DDC action to this Court.  Before the case is reassigned, the parties have requested that Judge Moss grant the Levin Plaintiffs' motion for a writ of attachment subject to and without prejudice to the United States' subsequent motion to quash that writ.  Were Judge Moss to agree with the parties' approach, the parties will file a joint status report with this Court after the action is reassigned and after the Levin Plaintiffs serve their writ of attachment on Well Fargo.  In that joint status report, the parties intend to propose a briefing schedule to govern the United States' motion to quash that writ.

3.	The SDNY Levin Action—The Levin Plaintiffs intend to oppose the United States' motion to transfer the proceedings in their SDNY action concerning the Funds to this Court.  The Levin Plaintiffs are in the process of serving the writ they obtained in that action on Wells Fargo.  As such, if the United States succeeds in its attempt to transfer to this Court the proceedings concerning the Funds in the SDNY Levin Action, the case is likely to have the same posture as the DDC Levin Action.  That is, the parties will likely ask the Court to set a briefing schedule to govern the United States' motion to quash the writ issued in that proceeding.

IV.	**UPDATES REGARDING THIS FORFEITURE ACTION**

The United States continues to believe that the issue of whether any of these writs are properly issued must be resolved before the parties turn their attention to the forfeiture action to determine the respective priorities of their interests in the Funds.  Accordingly, the United States respectfully believes that the Court should continue to adhere to the approach described in its Minute Order of August 5, 2020—namely, resolve the motions to quash the respective writs before turning to the substantive matters in the forfeiture action.

Additionally, the United States recently published the notice required by the forfeiture rules.  Currently, all claims in this action are due on or before November 20, 2020.

- 5 -

Dated: October 16, 2020
       Washington, DC

                                          Respectfully submitted,

                                          MICHAEL R. SHERWIN
                                          Acting United States Attorney

                                          By:       */s/ Brian P. Hudak*
                                                 BRIAN P. HUDAK
                                                 MICHAEL P. GRADY
                                                 555 Fourth Street, NW
                                                 Washington, DC 20530
                                                 (202) 252-2549

                                          *Attorneys for the United States of America*