UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY LEVIN, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>      Defendants. | Civil Action No. 05-2494 (JEB) |
| ESTATE OF JEREMY ISADORE LEVIN, *et al.*,<br><br>      Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Civil Action No. 21-0420 (JEB) |
| JAMES OWENS, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Civil Action No. 21-0126 (JEB) |
| JUDITH ABASI MWILA, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendants. | Civil Action No. 21-0127 (JEB) |
| RIZWAN KHALIQ, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendants. | Civil Action No. 21-0128 (JEB) |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>$2,340,000.00 HELD BY LIBERIAN COMPANY 1 ASSOCIATED WITH PETROLEUM TANKER NAUTIC, *et al.*,<br><br>      Defendants *in rem*. | Civil Action No. 20-1139 (JEB) |

**JOINT STATUS REPORT**

The parties to the above captioned actions—namely the Levin Claimants,[1] the Owens Claimants,[2] Wells Fargo Bank, N.A. ("Wells Fargo"),[3] and the United States of America ("United States")[4] (collectively, the "Parties")—jointly and respectfully submit this status report.

As the Court is aware, the above captioned actions concern approximately $10 million in proceeds from the sale of a petroleum tanker called the Nautic (the "Funds"). The United States filed the Forfeiture Action against the Funds and other properties, and thereafter, the Levin and Owens Creditors obtained collection writs against the Funds (the "Writs"). The United States moved to quash those Writs on several grounds. The Court granted the United States' motion on that ground that Iran and its agencies or instrumentalities, including Taif Mining Services, LLC ("Iran") lacked any property interest in the Funds held by Wells Fargo without reaching the United States' independent alternative arguments for quashing the writs. The D.C. Circuit reversed, finding that Iran had an attachable property interest in the Funds without reaching the United States' alternative bases for affirmance. The Parties have now returned to this Court for further proceedings on remand.

---

[1] The "Levin Claimants" are plaintiffs in Civil Action Nos. 05-2494 (JEB) (the "Levin Writ Action"), in which the Levin Claimants obtained their judgment and writs relevant here, and Civil Action No. 21-0420 (JEB) (the "Levin Turnover Action"), where the Levin Claimants have sought condemnation on their writs.

[2] The "Owens Claimants" are plaintiffs in Civil Action Nos. 21-0126 (JEB), 21-0127 (JEB), and 21-0127 (JEB) (the "Owens Actions"), which were bifurcated from the actions in which the Owens Claimants obtained their judgments and pertain to matters arising from their writs relevant here, including their prior motion for condemnation.

[3] Wells Fargo is the garnishee in the Levin Writ Action and Owens Actions and the defendant in the Levin Turnover Action.

[4] The United States is an intervenor in the Levin Writ Action, the Levin Turnover Action, and the Owens Actions and the plaintiff in the "Forfeiture Action," Civil Action No. 20-1139 (JEB).

The United States intends to renew its motion to quash the Writs in the Levin Writ Action and the Owens Actions, including on the alternative grounds previously identified in its prior motion to quash. The Levin and Owens Creditors intend to oppose that motion and Wells Fargo wishes to reserve an opportunity to respond. The Parties believe it is prudent for the Court to address the United States' renewed motion before turning to proceedings for condemnation, turnover, or forfeiture.

Accordingly, the Parties propose the Court adopt the following briefing schedule to govern the United States' renewed motion to quash the Writs:

United States' Renewed Motion – December 30, 2022

Levin and Owens Creditors' Opposition – February 3, 2023

Wells Fargo's Response (if any) – February 3, 2023

United States' Reply – February 24, 2023

The parties further propose that all other matters in the above captioned actions be continued and stayed until final resolution of the United States' renewed motion to quash, including after the exhaustion of any appellate rights. Along these lines, the Parties propose that the Court continue: (1) any deadline for the Owens and Levin Creditors to file or renew their requests for condemnation or turnover on their writs (if needed), and (2) the deadline for the Levin Creditors to file a claim and answer in the Forfeiture Action, pending further order of the Court after final resolution of the United States' renewed motion to quash.

A proposed order memorializing these proposals is enclosed herewith.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES, D.C. Bar #4810523<br>United States Attorney<br><br>By: */s/ Brian P. Hudak*<br>　　BRIAN P. HUDAK<br>　　Assistant United States Attorney<br>　　601 D Street, NW<br>　　Washington, DC 20530<br>　　(202) 252-2549<br><br>*Attorneys for the United States of America* | HOWARTH & SMITH<br><br>By: */s/ Suzelle Smith*<br>　　SUZELLE SMITH<br>　　DON HOWARTH<br>　　KATHERINE HIGHT<br>　　523 W. 6th Street, Suite 728<br>　　Los Angeles, CA 90014<br>　　(213) 955-9400<br><br>*Attorneys for the Levin Claimants* |
| MAYER BROWN LLP<br><br>By: */s/ Alex C. Lakatos*<br>　　ALEX C. LAKATOS<br>　　1999 K Street NW<br>　　Washington, DC 20006<br>　　(202) 263-3312<br>　　alakatos@mayerbrown.com<br><br>*Counsel for Wells Fargo Bank, N.A.* | GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Matthew D. McGill*<br>　　MATTHEW D. MCGILL, D.C. Bar #481430<br>　　1050 Connecticut Avenue, N.W.<br>　　Washington, DC 20036<br>　　(202) 955-8500<br><br>*Attorneys for the Owens Claimants* |

Dated: December 6, 2022