IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                                    :

                Plaintiff,                             :

v.                                                           :

$2,340,000.00 associated with PETROLEUM                      :
TANKER INTERNATIONAL MARITIME
ORGANIZATION NUMBER 9150377 held by                          :
LIBERIAN COMPANY 1,
                                     :          Civil Action No. 20-1139

-and-

$9,998,941.91 associated with PETROLEUM                      :
TANKER INTERNATIONAL MARITIME
ORGANIZATION NUMBER 9150377 held by                          :
US BANK 1,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER OF CRYSTAL HOLDINGS LIMITED

Christopher D. Man, Bar No. 453553DC
Cari N. Stinebower, Bar No. 457147DC
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Cman@winston.com
(202) 282-5000 (ph)
(202) 282-5100 (fax)

*Counsel for Crystal Holdings Limited*

As its Answer to the United States' Complaint in the above-captioned matter, Claimant Crystal Holdings Limited ("Crystal") states as follows:

## INNOCENT OWNER DEFENSE

Crystal is entitled to the Defendant Properties pursuant to the innocent owner defense of 18 U.S.C. § 983(d).

## CRYSTAL'S RESPONSE TO THE COMPLAINT'S NUMBERED PARAGRAPHS

## NATURE OF ACTION AND THE DEFENDANT *IN REM*

1.      Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Crystal denies that Defendant Properties are subject to seizure and forfeiture.

## JURISDICTION AND VENUE

3.      The allegation in Paragraph 3 states a legal conclusion to which no response is required.

4.      The allegations in Paragraph 4 state a legal conclusion to which no response is required.

## FACTS GIVING RISE TO FORFEITURE

I.      **BACKGROUND**

A.      **IEEPA and the Iranian Transactions and Sanctions Regulations**

5.      In response to Paragraph 5, the first sentence of Paragraph 5 contains legal conclusions to which no response is required and a reference to a statute; that statute speaks for itself.  Crystal denies having knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 5, except Crystal states that the U.S. Code, and regulations and executive or administrative orders promulgated thereunder, speak for themselves.

6.      Paragraph 6 addresses an Executive Order that speaks for itself.

7.      Paragraph 7 addresses Executive Orders and regulations that speak for themselves.

8.      Paragraph 8 addresses a regulation that speaks for itself.

9.      Paragraph 9 addresses a regulation that speaks for itself.

10.     Paragraph 10 addresses a regulation that speaks for itself.

11.     Paragraph 11 addresses a regulation that speaks for itself.

12.     Paragraph 12 addresses a Department of the Treasury designation that speaks for itself.

13.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Paragraph 14 addresses a Department of the Treasury designation and press release that speak for themselves.

15.     Paragraph 15 addresses a Department of the Treasury designation and press release that speak for themselves.

16.     Paragraph 16 addresses a designation by the President that speaks for itself.

17.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

**B.      Overview of the Sale of Petroleum Tanker Nautic to Taif**

18.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except Crystal states that in June 2019, Crystal entered

into a memorandum of understanding ("MOA") to sell its vessel, the Nautic, to an Omani company known as Taif Mining Services, LLC ("Taif").

19.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

**C.     Taif was a Shell Company for Iranians Linked to NIOC, NITC and the IRGC-QF**

23.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

4

28.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except Crystal states that Crystal and Taif jointly retained an English law firm, Holman Fenwick Willan LLP ("HFW"), to act as escrow agent with respect to the sale of the Nautic.

30.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except Crystal states that in Section 19 of the MOA, Taif represented that it was not "under any sanction, prohibition or blacklist whatsoever imposed by USA, UK, EU, UN."

31.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, except Crystal states that in or about September 2019, Taif transferred to HFW the Initial Payment for the Nautic, and HFW then transferred the Initial Payment to Crystal's bank account at Credit Suisse AG (the "Credit Suisse Account") on October 9, 2019.

35.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, except Crystal states that in or about October 2019, Taif transferred to HFW the Final Payment for the Nautic, that the Final Payment was supposed to have then been paid into the Credit Suisse Account, but that Crystal never received the Final Payment.

36.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, except Crystal states that in or about October 2019, Taif transferred the Final Payment to HFW, that the Final Payment was supposed to have then been paid into the Credit Suisse Account, but that Crystal never received the Final Payment.

37.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, except Crystal states that in or about October 2019, Taif transferred $15,010 to HFW, which amount represented a payment for Taif's delay in taking possession of the Nautic, and that HFW then transferred the $15,010 to the Credit Suisse Account.

38.     In response to Paragraph 38, Crystal admits that it never received the Final Payment and has learned that the Final Payment was blocked by Wells Fargo Bank, N.A. (referred to as "U.S. Bank 1" in the Forfeiture Complaint) pursuant to directives of the U.S. Office of Foreign Assets Control.

39.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, except Crystal states that in October 2019, Crystal transferred possession of the Nautic to Taif.

40.     In response to Paragraph 40, Crystal admits that it never received the Final Payment.

6

41.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

**D.     Nautic Received Iranian Crude Oil From NIOC After Purchased By Taif**

42.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except Crystal states that the Nautic was arrested by authorities in the United Arab Emirates ("UAE") and held under arrest pursuant to UAE court order (the "Arrest Order").  However, in July 2020, unknown individuals surreptitiously boarded the Nautic and moved the Nautic from the UAE to Iranian waters, in direct violation of the Arrest Order.

<u>**COUNT ONE – FORFEITURE**</u>
**(18 U.S.C. § 981(A)(1)(C)**

47.     Crystal incorporates its responses to the allegations set forth in Paragraphs 1 thru 46, as if fully set forth herein.

48.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Crystal denies that Defendant Properties are subject to forfeiture.

## COUNT TWO – FORFEITURE
### (18 U.S.C. § 981(A)(1)(C))

50.     Crystal incorporates its responses to the allegations set forth in Paragraphs 1 thru 46, as if fully set forth herein.

51.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     Crystal denies that Defendant Properties are subject to forfeiture.

## COUNT THREE – FORFEITURE
### (18 U.S.C. § 981(A)(1)(A))

53.     Crystal incorporates its responses to the allegations set forth in Paragraphs 1 thru 46, as if fully set forth herein.

54.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     Crystal denies that Defendant Properties are subject to forfeiture.

## COUNT FOUR – FORFEITURE
### (18 U.S.C. § 981(A)(1)(G)(I))

56.     Crystal incorporates its responses to the allegations set forth in Paragraphs 1 thru 46, as if fully set forth herein.

57.     In response to Paragraph 57, Crystal admits that the IRGC is a designated foreign terrorist organization.

58.     Crystal denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     Crystal denies that Defendant Properties are subject to forfeiture.

8

## **PRAY FOR RELIEF**

The allegations in this paragraph consist of the relief requested by the Unities States, to which no response is required, but Crystal states that Defendant Properties should not be forfeited and that Crystal is the rightful owner of Defendant Properties.

December 7, 2022

/s/ *Christopher D. Man*
Christopher D. Man, Bar No. 453553DC
Cari N. Stinebower, Bar No. 457147DC
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
CMan@winston.com
(202) 282-5000 (ph)
(202) 282-5100 (fax)

9

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, the foregoing was served on all counsel of

record via the CM/ECF system.

December 7, 2022

/s/ *Christopher D. Man*
Christopher D. Man